IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
IN OPEN COURT

JUL 10 2024

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JESSICA CLEMENCIO MORAIS,<br><br>Defendant. | No. 1:24-cr-126 |

STATEMENT OF FACTS

The United States and the defendant, Jessica Clemencio Morais, agree that the following facts are true and correct, and that had this matter proceeded to trial, the United States would have proven them beyond a reasonable doubt with admissible and credible evidence:

1. From at least in or around November 2023, and continuing to on or about March 12, 2024, in Loudoun County, in the Eastern District of Virginia, and elsewhere, the defendant did unlawfully, knowingly and intentionally combine, conspire, confederate, and agree with NYHA ESMERALDO CLEMENTE, and other co-conspirators known and unknown to unlawfully, knowingly, and intentionally, distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

2. On or about March 12, 2024, in Loudoun County, Virginia, within the Eastern District of Virginia, the defendant did unlawfully, knowingly, and intentionally possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1).

3. From at least in or around February 2024 and continuing to at least on or about

1

March 12, 2024, in Loudoun County, in the Eastern District of Virginia and elsewhere, the defendant did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with CLEMENTE, and others known and unknown, to knowingly and intentionally export from the United States five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 953(a), 960(a)(1) and (b)(1)(B), and 963.

4. During the course of and in furtherance of the conspiracy, the defendant was personally involved in distributing or possessing with intent to distribute, or it was reasonably foreseeable to the defendant that her co-conspirators distributed or conspired to distribute in furtherance of the conspiracy, at least 15 kilograms of cocaine.

5. It was part of the conspiracy that the defendant and CLEMENTE acted as drug couriers; *i.e.*, to retrieve controlled substance from various countries, including the United States, and travel internationally to deliver them to the United Kingdom and other countries for further distribution. In furtherance of the conspiracy, the defendant traveled internationally on multiple occasions to numerous countries in Europe and the Americas. The defendant also recruited co-defendant CLEMENTE.

6. For their most recent trip, the defendant and CLEMENTE retrieved a suitcase in Los Angeles, CA to be delivered to Portugal. The defendant thereafter traveled with CLEMENTE from Los Angeles to the Eastern District of Virginia. On March 12, 2024, the defendant and CLEMENTE arrived at Washington Dulles International Airport, in Loudoun County, Virginia, within the Eastern District of Virginia, intending to travel outbound to Lisbon, Portugal on flight UA942. Prior to takeoff, U.S. Customs and Border Protection officers removed the defendant and CLEMENTE's luggage from UA942 and conducted an

inspection of their luggage for contraband. During the inspection of one of the defendant's suitcases, officers located numerous sealed rectangular packages in grey plastic containing cocaine. The defendant knew she was carrying illegal drugs to export outside of the United States from Washington Dulles International Airport.

7. The cocaine located in the defendant's suitcase was subsequently analyzed at the HSI INTERDICT Science Center Laboratory and confirmed to contain approximately 18 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II substance.

8. This statement of facts includes those facts necessary to support the guilty plea. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

9. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:_____/s/_____
    Lauren E. Hahn
    Special Assistant United States Attorney (LT)

**Defendant's signature:** After consulting with my attorney, I, Jessica Clemencio Morais, hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial the United States would have proved the same beyond a reasonable doubt.

Date: 7/10/24

Jessica Clemencio Morais
Defendant

**Defense counsel signature:** I am the defendant's attorney. I have carefully reviewed the above Statement of Facts with her. To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

Date: 7/10/2024

Brittany Davidson
Attorney for the Defendant

4